IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHAUNTEL N. AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09CV200-HEH |
| | ) |
| RAPPAHANNOCK AREA ALCOHOL | ) |
| SAFETY ACTION PROGRAM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Denying Defendant's Motion for Summary Judgment)

This is a gender discrimination action brought against the Rappahannock Area Alcohol Safety Action Program by Chauntel Austin. It is presently before the Court on Defendant's Motion for Summary Judgment (Dk. No. 15), filed on October 9, 2009. Both parties have filed extensive memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will deny Defendant's Motion for Summary Judgment.

## I.  BACKGROUND

In November 2005, Austin learned she was pregnant. On July 24, 2006, Austin applied for a case manager position with the Rappahannock Area Alcohol Safety Action Program ("RAASAP"), an organization that provides services to DUI offenders in

Virginia. On July 28, 2006, Carol Powell ("Powell"), the Executive Director of RAASAP, interviewed Austin for the managerial position.[1] During this interview, Powell asked Austin "is there anything that would prevent you from doing your job?" Austin stated "no."[2] Austin did not advise any RAASAP employee that she was pregnant or of her impending October 2006 due date at the interview.

On July 31, 2006, RAASAP hired Austin for the case manager position. Austin began her work orientation at RAASAP on August 4, 2006. During her orientation, Austin reviewed the employee manual, which included the RAASAP leave policy.[3] Austin left the RAASAP office at 4:00 p.m. At approximately 6:30 p.m., Powell called Austin and said one of RAASAP's employees thought Austin looked pregnant. Powell asked Austin if she was pregnant. Austin confirmed that she was pregnant and said she expected to take six weeks of leave. Austin alleges that Powell then told her that she could not work for RAASAP because she was pregnant. RAASAP contends that Austin was terminated because she would need extended leave, which is normally not given to

---

[1] At the interview, Austin certified that the statements made in her application were true and complete to the best of her knowledge. She also acknowledged that any false or incomplete answers may be grounds for not employing her, or dismissing her after she began to work.

[2] Austin claims she understood Powell's question to mean whether there was anything that could keep her from being a case manager and doing her job duties, not her pregnancy.

[3] RAASAP's Employee Manual has a "Leave Without Pay" provision, a "Maternity Leave" provision, and a "Sick Leave" provision. Despite the formal policies, RAASAP contends that informally their case managers are not allowed to take extended leave due to the responsibilities of the job and the burden her absence would place on other employees.

new RAASAP employees.[4] RAASAP replaced Austin with a non-pregnant female.

Austin filed a Complaint in this Court on April 3, 2009, asserting federal claims under 42 U.S.C. § 2000e. The Complaint alleges that RAASAP, through its agents and officers, discriminated against Austin on account of her gender by terminating her from employment due to her pregnancy. RAASAP filed a Motion to Dismiss on June 15, 2009, which this Court denied. RAASAP now requests summary judgment as to Austin's gender discrimination claim.

## II. ANALYSIS

### A. Standard of Review

When evaluating a motion for summary judgment under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted). A court will grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "party seeking summary judgment always

---

[4] RAASAP admits that several other employees have been given maternity leave.

3

bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## B. <u>Gender Discrimination</u>

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). In 1978, Congress amended Title VII by enacting the Pregnancy Discrimination Act of 1978, which provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e (k). The Fourth Circuit analyzes pregnancy discrimination claims "in the same manner as any other sex discrimination claim brought pursuant to Title VII." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 297 (4th Cir. 1998).

"Generally speaking, a plaintiff may avert summary judgment and establish a claim for intentional sex or age discrimination through two avenues of proof." *Hill v. Lockheed Martin Logistics Mgmt, Inc.*, 354 F.3d 277, 284 (2004). "First, a plaintiff may establish a claim of discrimination by demonstrating through direct or circumstantial evidence that sex or age discrimination motivated the employer's adverse employment decision." *Id.* "In such cases, historically referred to as 'mixed-motive' cases, it is sufficient for the individual to demonstrate that the employer was motivated to take the adverse

employment action by both permissible and forbidden reasons." *Id.* (citing 42 U.S.C. § 2000e-2(m)).

"The second method of averting summary judgment is to proceed under a 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973)). "If a prima facie case is presented, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* If the employer provides a nondiscriminatory reason, "the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

In this case, Austin has pursued her sex discrimination claims under both the "mixed-motive" and "pretextual" frameworks. Austin asserts that she has provided sufficient direct and circumstantial evidence to show that her pregnancy motivated RAASAP's adverse employment decision. Specifically, Austin alleges that in an August 4, 2006 phone call, Powell told her that she would not be able to work at RAASAP because she was pregnant. Moreover, Austin contends that Powell called and fired her only two hours after learning Austin was pregnant. Powell disputes that Austin was ever

5

told she could not work at RAASAP because she was pregnant. Instead, RAASAP argues that Austin was terminated because she required a leave of absence and did not provide complete and true statements during her application process.

In addition, Austin asserts under the pretextual method of proof she has established a prima facie case of sex discrimination. Austin claims that because pregnancy was the obvious cause of her termination, RAASAP's legitimate, nondiscriminatory reason for the termination-her expected maternity leave and untruthful statements in her application-should be considered a pretext for discrimination. RAASAP disputes the pretextual nature of their employment decision.

By construing the evidence in the light most favorable to the non-moving party, RAASAP has failed to prove that there are no genuine issues of material fact in this case. Under either the "mixed-motive" or "pretextual" methods, Austin has provided sufficient evidence to establish a prima facie gender discrimination claim. However, the circumstances of Austin's termination and RAASAP's motivation behind their employment decision are critical material facts that remain in dispute and preclude summary disposition. RAASAP's Motion for Summary Judgment is therefore denied.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the Defendant's Motion for Summary Judgment.

6

An appropriate Order will accompany this Memorandum Opinion.

                                                   /s/
                                     Henry E. Hudson
                                     United States District Judge

ENTERED this 4th day of November, 2009
Richmond, VA